HON. THOMAS O. RICE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| COMMUNITY ASSOCIATION FOR RESTORATION OF THE ENVIRONMENT, INC., a Washington Non-Profit Corporation<br><br>*and*<br><br>FRIENDS OF TOPPENISH CREEK, a Washington Non-Profit Corporation,<br><br>      Plaintiffs,<br><br>  *v.*<br><br>SNIPES MOUNTAIN DAIRY, INC., a Washington Corporation,<br><br>      Defendant. | Case No. 1:17-cv-3067-TOR<br><br>[PROPOSED] CONSENT DECREE |

## TABLE OF CONTENTS

**GENERAL PROVISIONS** ...................................................................................4

**SUPPLEMENTAL ENVIRONMENTAL PROJECT** .......................................5

**RELEASE AND COVENANT NOT TO SUE** ..................................................7

**ATTORNEY'S FEES AND COSTS** .................................................................8

**TERMINATION** ................................................................................................8

**WHEREAS,** Plaintiffs Community Association for Restoration of the Environment and Friends of Toppenish Creek (collectively "Plaintiffs") filed a Complaint in this Court seeking civil penalties, as well as declaratory and injunctive relief, against Defendant Snipes Mountain Dairy, Inc. on April 11, 2017, alleging violations of the Clean Water Act, 33 U.S.C. § 1251 *et seq.* (the "CWA" or the "Act");

**WHEREAS,** prior to filing their initial Complaint, Plaintiffs sent to Snipes Mountain Dairy, Inc. Notices of Intent to Sue dated February 8, 2017 and March 28, 2017 in which they stated their intent to assert claims for alleged violations of CWA sections 301 and 402, 33 U.S.C. § 1311 and 1342, and further assert that "Snipes Mountain's discharges have been, and continue to be, in violation to the effluent standards and limitations contained in its Concentrated Animal Feeding Operation (CAFO) National Pollutant Discharge Elimination System (NPDES) permit";

**WHEREAS,** CWA Section 301(a), 33 U.S.C. § 1311(a), prohibits the unpermitted discharge of any pollutants to waters of the United States and discharges in excess of permit limits;

**WHEREAS,** Plaintiffs brought action against Snipes Mountain Dairy, Inc. for alleged CWA violations pursuant to Section 505 of the Act, 33 U.S.C. § 1365;

**WHEREAS,** Snipes Mountain Dairy, Inc. is incorporated in the State of Washington, and owned and operated the dairy known as Snipes Mountain Dairy. The dairy is located at or near 211 Nichols Road in Outlook, Washington. Snipes Mountain Dairy is classified as a concentrated animal feeding operation.

**WHEREAS**, Snipes Mountain Dairy, Inc. asserted defenses to the allegations contained in the Complaint, expressly denied Plaintiffs' allegations in their entirety, and admits no liability by entering this Consent Decree;

**WHEREAS**, Snipes Mountain Dairy, Inc. was sold to another entity, SMD, LLC, in March of 2018 and Snipes Mountain Dairy, Inc., and its shareholders no longer have any stake in the ownership of the new dairy entity;

**WHEREAS**, the Parties recognize that this Consent Decree is a settlement of a contested matter;

**WHEREAS**, the objective of the Parties in entering this Consent Decree is to resolve the Litigation; and

**WHEREAS**, the Parties acknowledge that this Consent Decree has been negotiated by the Parties in good faith and will avoid further litigation, and the Court, in entering this Consent Decree, finds that this Decree is fair, reasonable, and in the public interest.

**NOW, THEREFORE**, without the admission of any issue of fact or law except as provided in General Provisions, and with the consent of the Parties,

**IT IS HEREBY ADJUDGED, ORDERED, AND DECREED** as follows:

## GENERAL PROVISIONS

1.  <u>Jurisdiction and Venue.</u>  This Court has jurisdiction over the subject matter of this action and the Parties pursuant to 28 U.S.C. § 1331 and 33 U.S.C. § 1365(a).  Venue is proper in this judicial district pursuant to section 505(c) of the Act, 33 U.S.C. § 1365(c), because the Complaint alleges that discharges in violation of the Act occurred in this judicial district.  Snipes Mountain Dairy, Inc. does not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

2.  <u>Retention of Jurisdiction.</u>  This Court shall retain jurisdiction for the purposes of issuing such further orders and directions as may be necessary and appropriate for the implementation or modification of this Consent Decree, enforcing compliance with, or resolving disputes regarding provisions of this Consent Decree.

3.  <u>Reservation of Rights.</u>  The Parties reserve the right to enforce the terms of this Consent Decree and take any action authorized by federal or state law not inconsistent with this Consent Decree.

4.  <u>Parties Bound.</u>  This Consent Decree shall be binding upon Plaintiffs, Snipes Mountain Dairy, Inc., and their respective officers, agents, servants, employees, successors, and assigns.

5.  <u>Counterparts.</u>  This Consent Decree may be signed in Counterparts, and such counterpart signature page shall be given full force and effect.

6.  <u>DOJ and EPA Review.</u>  The Parties recognize that, under 33. U.S.C. § 1365(c)(3), this Consent Decree can be entered only forty-five (45) days after the Attorney General of the United States and the Administrator of the Environmental Protection Agency receive a copy of this proposed Consent Decree.  Plaintiffs shall serve copies of the executed Consent Decree upon the Administrator of the United States Environmental Protection Agency, the Attorney General, and the Regional Administrator for EPA Region 10, and Plaintiffs shall provide notice to the Court of the foregoing requirements, as required pursuant to 40 C.F.R. § 135.5.

7.  <u>Final Judgment.</u> Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final, non-appealable judgment of the Court under Rules 54 and 58 of the Federal Rules of Civil Procedure.

**SUPPLEMENTAL ENVIRONMENTAL PROJECT**

8.  Within twenty (20) days of execution of this Consent Decree, Defendant shall pay $20,000 made payable to the "CARE Clean Drinking Water Project", c/o Law Offices of Charles

M. Tebbutt, P.C. The funds shall be used to test residential wells and provide clean drinking water to individuals in the Lower Yakima Valley in the State of Washington. Plaintiffs shall apply the funds as follows:

    a. To provide funds for individuals whose residential well drinking water meets or exceeds 10 parts per million nitrate to apply for, on a first-come, first-served basis, assistance with alternative water sources through the Clean Drinking Water Project (the "Program"). The funds may be used to:

        i. Identify potentially eligible residences;

        ii. Notify and educate potentially eligible individuals of the Program in English and Spanish.

        iii. Assist potentially eligible individuals to test their wells as part of the Program;

        iv. Identify alternative water sources for eligible individuals;

        v. Provide financial assistance, to the extent available, to eligible individuals from the funds allocated for the Program to purchase and maintain alternative water sources.

It is understood that the funds may not be sufficient for all potentially eligible individuals to have permanent alternative water sources. Accordingly, the funds will be allocated as effectively as possible. Plaintiffs shall sequester Program funds in a separate, interest-bearing account held in trust for the project terms listed above.

## ATTORNEYS' FEES AND COSTS

9. Plaintiffs' have incurred attorneys' and expert fees and costs that substantially exceed the amount agreed to be paid by Defendant. Given that Defendant has sold the business and remaining funds are limited, Plaintiffs have agreed to substantially compromise the fees and costs payable in this matter. Accordingly, Snipes Mountain Dairy, Inc. shall pay Plaintiffs'

attorneys $55,000.00 for their attorneys' and expert fees and costs. Payment shall be made in full to the Law Offices of Charles M. Tebbutt within 30 days of entry of the Consent Decree.

## TERMINATION

10. Upon completion of the two payments required to be made by Snipes Mountain Dairy, Inc. pursuant to the terms of this Consent Decree, this Consent Decree shall terminate and all matters subject to the Complaint in this case shall be deemed resolved.

DATED: November 16, 2018

WE HEREBY CONSENT to the Entry of this Consent Decree.

**Community Association for Restoration of the Environment, Inc.**

By: _Helen Reddout_

Name: _Nov 27, 2018_

**Friends of Toppenish Creek**

By: _____

Name: _____

*Plaintiffs*

**Snipes Mountain Dairy, Inc.**

By: _____

Name: _____

*Defendant*

IT IS SO ORDERED THIS _____ DAY OF _____, 2018.

_____

[PROPOSED] CONSENT DECREE
CASE NO. 1:17-cv-3067-TOR                    7

attorneys $55,000.00 for their attorneys' and expert fees and costs. Payment shall be made in full to the Law Offices of Charles M. Tebbutt within 30 days of entry of the Consent Decree.

**TERMINATION**

10.  Upon completion of the two payments required to be made by Snipes Mountain Dairy, Inc. pursuant to the terms of this Consent Decree, this Consent Decree shall terminate and all matters subject to the Complaint in this case shall be deemed resolved.

DATED: November 16, 2018

WE HEREBY CONSENT to the Entry of this Consent Decree.

**Community Association for Restoration of the Environment, Inc.**

By: _____

Name: _____

**Friends of Toppenish Creek**

By:     *Jean Mendoza*

Name:     Jean Mendoza, Executive Director Friends of Toppenish Creek, Nov. 21, 2018

*Plaintiffs*

**Snipes Mountain Dairy, Inc.**

By: _____

Name: _____

*Defendant*

IT IS SO ORDERED THIS _____ DAY OF _____, 2018.

_____

[PROPOSED] CONSENT DECREE
CASE NO. 1:17-cv-3067-TOR                    7

attorneys $55,000.00 for their attorneys' and expert fees and costs. Payment shall be made in full to the Law Offices of Charles M. Tebbutt within 30 days of entry of the Consent Decree.

**TERMINATION**

10. Upon completion of the two payments required to be made by Snipes Mountain Dairy, Inc. pursuant to the terms of this Consent Decree, this Consent Decree shall terminate and all matters subject to the Complaint in this case shall be deemed resolved.

DATED: November 16, 2018

WE HEREBY CONSENT to the Entry of this Consent Decree.

**Community Association for Restoration of the Environment, Inc.**

By: _____

Name: _____

**Friends of Toppenish Creek**

By: _____

Name: _____

*Plaintiffs*

**Snipes Mountain Dairy, Inc.**

By: _____President_____

Name: ____Larry R Hawk_____

*Defendant*

IT IS SO ORDERED THIS _____ DAY OF _____, 2018.

_____

[PROPOSED] CONSENT DECREE
CASE NO. 1:17-cv-3067-TOR                    7

1
2
3
                                                 Thomas O. Rice
                                                 United States District Judge

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

[PROPOSED] CONSENT DECREE
CASE NO. 1:17-cv-3067-TOR         8